Samuels, J.
The County court of Gilmer, at its June term 1847, laid a county levy of 2 dollars 50 cents on each of five hundred and seventeen titheables, and directed the plaintiff in error, Cook, who was sheriff, to collect that levy and pay the creditors *143 of the county, of whom the defendant in error was one. His debt amounted to 440 dollars. On the 9th of February 1848, the defendant in error, proceeding under the statute, Supplement Rev. Code, p. 194, § -3, caused a notice to be served on the plaintiffs in error, informing them that at the next Circuit Superior court of law and chancery for Gilmer county, he would move said court for judgment against them for his debt of 440 dollars aforesaid, with interest from the 1st of November 1847, when the notice alleged the same was lawfully demanded, until paid, and the costs ; and moreover, for the default of the sheriff, that judgment would be asked against him for damages not exceeding the rate of fifteen per cent, per annum.
On the return of the notice the parties appeared. The defendants in error resisted a recovery, by alleging that the County court of Gilmer had not been duly convened at the June term 1847, to lay the levy; that it was not then properly constituted to perform that duty. They objected to the property book returned by the commissioner of the revenue, as evidence, because it was not properly authenticated, and that it was not proper in form or in substance. They insisted and showed that after deducting one hundred and forty-four delinquent titheables, there did not remain enough of those who were solvent to pay the amount which the sheriff was directed to pay out. It appeared on the trial that the sheriff had been furnished with a copy of the property book returned by the commissioner of the revenue, such as it was, and that he had collected the levy so far as it could be collected. On all this it seems to me that the action of the County court, in laying the levy, cannot be assailed in this collateral way. The court had authority to act on the subject, and if their action be irregu *144 lar or even erroneous, it remains in force until set aside by an appropriate proceeding. Nor can tbe sheriff object on account of irregularity or want of authentication in the commissioner’s book. He received a copy, which must have been intelligible, for ■he collected the levy by its assistance. The sheriff and his securities should not be exempt from liability for so much of the levy as was collected, by showing that the debts of the county ordered to be paid were greater in amount than the fund levied. The plaintiffs in error offered no proof whatever of any payment to any county creditor. Their counsel here insisted, however, that as the sheriff was a public officer, charged with the duty of paying the levy, it should be presumed he had so paid it; and thus it was shown that there was enough left to pay only a small portion of Hays’ debt. If this argument be good against Hays, it would be good against each and all of the creditors. Thus every one in his turn, when proceeding by notice and motion, would be met by the presumption that all others had been paid, and thus nothing was left for him. The result would be complete exemption from all obligation to pay, which is absurd.
It is objected here, that the record shows no proof of a demand by Hays. If this objection be well founded, the judgment of the Circuit court should be reversed. I think, however, there is enough in the record to show that the objection should not prevail. The controversy in the court below seems to have turned upon subjects other than the absence of a demand : the question whether there was such demand is made for the first time here. It would be attended with great inconvenience and injustice to allow the plaintiffs in error, after making defence upon one ground in the court below, to surprise the defendant in error by making another defence here. There is *145 enough, however, in the record ■ to show that the demand was made: the notice asserts the making of a demand, and the judgment gives credit for a portion of the debt as paid the very day it was demandable. Holding this as sufficient proof of a demand, I am of opinion to affirm the judgment.
The other judges concurred in the opinion of Samuels, J.
Judgment affirmed.